## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

IN RE:                                          CASE NO.: 8:16-bk-03842-MGW
                                                              CHAPTER 7

**Juanita Laidig**
**aka Juanita Salmons Thorpe Laidig,**

   **Debtor.**

_____/

### MOTION FOR RELIEF FROM AUTOMATIC STAY
*(Negative Notice Period to Expire 10 Days After 341 Meeting Calendar Concludes)*

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within twenty one (21) days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602 and serve a copy on the movant's attorney, Attorney for Secured Creditor, at Robertson, Anschutz & Schneid, PL, 6409 Congress Ave., Suite 100, Boca Raton, FL 33487, and any other appropriate persons within the time allowed.**

**If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

Secured Creditor, DEUTSCHE BANK TRUST COMPANY AMERICAS F/K/A BANKERS TRUST COMPANY, AS TRUSTEE FOR SAXON ASSET SECURITIES TRUST 2002-1, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2002-1, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1.   Debtor(s), **JUANITA LAIDIG AKA JUANITA SALMONS THORPE LAIDIG**, filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code on May 3, 2016.

2.   Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3.   On November 7, 2006, Debtor(s) executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $180,000.00 to Mortgage Electronic Registration Systems, Inc. as nominee for New Century Mortgage Corporation. The Mortgage was recorded on November 14, 2006 in Book 02167 at Page 0438-0461 of the Public Records of Manatee County, Florida. The loan was transferred to Secured Creditor. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "**A**."  The documents include copies of the

Note with any required indorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation.

4.    The mortgage provides Secured Creditor a lien on the real property located in Manatee County, Florida, and legally described as follows:

**LOT 10, PARKLAWN, AS PER PLAT THEREOF RECORDED IN PLAT BOOK 11, PAGE 26, OF THE PUBLIC RECORDS OF MANATEE COUNTY, FLORIDA**

This property is located at the street address of: **2811 52ND AVE TERR W, BRADENTON, FL 34207.**

5.    The terms of the aforementioned Note and Mortgage have been in default, and remain in default, since April 1, 2009.

6.    Based upon the Debtor(s)' schedules, the property is claimed as non-exempt.  The Trustee has not abandoned the property.

7.    Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest.  Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

8.    If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

9.    Secured Creditor respectfully requests this Court grant it relief from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely

the lack of adequate protection to Secured Creditor for its interest in the above stated collateral.   The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

10.     Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

11.     Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage.   Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

12.     A Proposed Order accompanies this Motion.   See Exhibit "**B**" attached hereto.

13.     In order to avoid impeding proper administration of the estate's assets, Secured Creditor shall treat the negative notice period as expiring ten (10) days after the Trustee concludes the §341 Meeting of Creditors.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps

necessary to exercise any and all rights it may have in the collateral described herein, to gain

possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to

seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any

such further relief as this Honorable Court deems just and appropriate.

      **I HEREBY CERTIFY** that on May 17, 2016, I electronically filed the foregoing with

the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via

CM/ECF or United States Mail to the following parties:

JUANITA LAIDIG
AKA JUANITA SALMONS THORPE LAIDIG
3905 39TH AVE.,
BRADENTON, FL 34205

MICHAEL BARNETT
506 N. ARMENIA AVE.
TAMPA, FL 33609

CAROLYN R. CHANEY
PO BOX 530248
ST. PETERSBURG, FL 33747

UNITED STATES TRUSTEE - TPA7/13
TIMBERLAKE ANNEX, SUITE 1200
501 E POLK STREET
TAMPA, FL 33602

                                      ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
                                      Attorney for Secured Creditor
                                      6409 Congress Ave., Suite 100
                                      Boca Raton, FL 33487
                                        Telephone: 561-241-6901
                                        Facsimile: 561-997-6909
                                        By: /s/ Keith Labell
                                        Keith Labell, Esquire
                                        Florida Bar Number 0109158
                                        Email: klabell@rasflaw.com