UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                 Case No. 8:16-bk-03842-MGW
                                                                       Chapter 7
Juanita Laidig

_____Debtor(s)_____/

**TRUSTEE'S MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS,
ENCUMBRANCES AND INTERESTS WITH CONSENT OF SECURED LENDER**

(Property: 2811 52nd Avenue Terrace West, Bradenton, FL  34207)

**NOTICE OF HEARING**

A PRELIMINARY HEARING in this case will be held on **APRIL 13, 2017 at 9:30 a.m. in Courtroom 8A,** Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, FL, 33602, before the Honorable Michael G. Williamson, United States Bankruptcy Judge, to consider this matter and transact such other business that may come before the Court.

1. The hearing may be continued upon announcement made in open Court without further notice.
2. Appropriate Attire. You are reminded that Local Rule 5072–1(b)(16) requires that all persons appearing in Court should dress in business attire consistent with their financial abilities. Shorts, sandals, shirts without collars, including tee shirts and tank tops, are not acceptable.
3. Avoid delays at Courthouse security checkpoints. You are reminded that Local Rule 5073–1 **restricts the entry of cellular telephones** and, except in Orlando, computers into the Courthouse absent a specific order of authorization issued beforehand by the presiding judge. Due to heightened security procedures, persons must present photo identification to enter the Courthouse.

COMES NOW, Carolyn R. Chaney, Chapter 7 Trustee (the "Trustee") for the above-referenced debtor (the "Debtor"), and hereby files this motion ("Motion") for authority to sell certain real property free and clear of all liens, encumbrances, and interests.  In support thereof, the Trustee respectfully states as follows:

1

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. The basis for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m), Federal Rules of Bankruptcy Procedure 2002 and 6004.

## BACKGROUND

4. On May 3, 2016, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Carolyn R. Chaney is the duly appointed and qualified Chapter 7 Trustee. The Trustee held and concluded the 341 meeting of creditors on June 16, 2016.

6. The Debtor scheduled a 100% ownership interest in the real property located at 2811 52nd Avenue Terrace West, Bradenton, FL 34207 (the "Property") and legally described as follows:

> LOT 10 PARKLAWN, according to the Plat thereof, recorded in Plat Book 11, Page 26 of the Public Records of Manatee County, Florida, PI #52710.0000/1.

7. The Property is encumbered by a first mortgage lien exceeding the Property's scheduled value of $63,000.00 in favor of Ocwen Loan (the "Secured Creditor").

8. The Trustee, after reviewing certain materials, including (without limitation) the BK Score[1], sales analysis report and opinion of value for the Property provided by BK Global

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

("BKRES") and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

  a. sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

  b. buy the Property from the Debtor's estate if (and only if) no such offer is made;

  c. release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

  d. agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carve out for the benefit of allowed unsecured creditors of the Debtor's estate.

9.  The Secured Creditor has represented and warranted that it possesses a valid, perfected, enforceable and unavoidable first mortgage lien on the Property by virtue of a promissory note and mortgage recorded in the Official Records, consisting of principal and Interest (the "Secured Creditor Indebtedness").

**RELIEF REQUESTED**

10.  The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Property, using the services of BKRES and Listing Agent, free and clear of all liens, claims, encumbrances, and interests. As a material inducement

to the Trustee's decision to pursue the proposed sale, the Secured Creditor consents to the Property's sale and the creation of a carve-out fund (the "Carve-Out Fund") that will provide for the costs of this case to be paid and provide a recovery for other creditors.

11. The Trustee has received an offer to purchase the Property for $99,000.00. Any and all lienholders are hereby on notice that if they believe they are receiving less than reasonable value for the release of their liens, they need to object to the proposed sale of the Property.

12. The Trustee has attached a "DRAFT" Settlement Statement that outlines the proposed distribution of the sales proceeds at closing, as Exhibit "A".

## AUTHORITY TO SELL

13. Pursuant to §363(b)(1) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell or lease property of the estate other than in the ordinary course of business. Additionally, pursuant to §363(f) of the Bankruptcy Code, the trustee may sell property free and clear of any interest in such property of an entity other than the estate if (i) permitted under applicable non-bankruptcy law, (ii) the party asserting such interest consents, (iii) the interest is a lien and the purchase price of the property is greater than the aggregate amount of all liens on the property, (iv) the interest is subject of a bona fide dispute, or (v) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

14. Section 363(f) of the Bankruptcy Code is stated in the disjunctive. Thus, it is only necessary for the Trustee to satisfy one of the five conditions of §363(f).

15. The Trustee avers that she shall satisfy section 363(f)(2) insofar as all lien holders shall consent to a sale of the property under section 363(f)(2), and that she should then be authorized to sell the Property free and clear of all liens, claims, encumbrances and interests.

16. No allegation contained in this Motion or attachments thereto is intended by the Trustee as an attempt to seek approval of professional fees, trustee fees or costs. Amounts denoted for fees for benefit of creditors in the instant motion or attachments thereto are for reference only. Monies collected by the Trustee shall be deposited in an estate account and will be distributed pursuant to applicable bankruptcy law. Moreover, professional compensation and Trustee compensation shall be sought by separate application to the Court.

17. Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee seeks authority to sell the Property free and clear of all liens, claims, encumbrances, and interests but otherwise "As-Is, Where-Is" and without representations or warranties of any type given by the Trustee or her professionals. Notwithstanding that the Trustee will seek authority to execute all documents and instruments she deems reasonable, necessary and/or desirable to close the sale, the only documents that the Trustee shall be required to deliver to close shall be (a) Trustee's Deed, and (b) Order Granting Motion to Sell Real Property.

18. The Secured Creditor agrees to pay at closing (1) all outstanding real estate taxes, including any prorated amounts due for the current tax year; (2) if applicable, the lesser of any HOA fees accrued post-petition or the equivalent to twelve months' assessments and (3) all closing costs excluding professional fees but including State Documentary Stamps for the entire closing price pursuant to Florida Statue Sections 201.01 and 201.02; (4) the carve out to the Trustee. Any payments by the Secured Creditor as stated herein shall be subject to any and all limitations on the Secured Creditor's liability for any fees and costs under applicable law.

19. This sale will be undertaken by the buyer in good faith. Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal.

20. The Trustee asserts that the sale of the Property will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion. Accordingly, the Trustee respectfully requests that the Court find that the purchaser(s) will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

## CONCLUSION

The Trustee, in the exercise of her business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, the Trustee is more familiar with the current market than other interested parties, and a sale under this motion serves the best interest of all interested parties, including the Secured Creditors. The Buyer has agreed, subject to Court approval, to pay to the Trustee the sum of $99,000.00 in exchange for the Property free and clear of all liens, encumbrances, or interests.

WHEREFORE, the Trustee moves for the entry of an Order:

A. Authorizing the sale of the Property to the purchaser free and clear of all liens, encumbrances, or interests of any party; and

B. Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the Property free and clear of all liens, encumbrances, or interests, including without

limitation, executing a deed conveying the interests of the Debtor or any other party claiming an interest in the Property to the Purchaser;

C. Authorizing the Trustee and any escrow agent upon the Trustee's written instruction, to make such disbursements on or after the closing of the sale as are required by the purchase agreement or Order of this Court, including, but not limited to: (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets (b) any outstanding Home Owner's Association fee or assessment arrearages; and (c) other anticipated closing costs.

D. Determining that all affected interests have been adjudged and declared to be unconditionally released as to the Property;

E. Determining that the Buyer has not assumed any liabilities of the Debtor;

F. Determining that the Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and that the Buyer is entitled to all protections of Section 363(m) of the Bankruptcy Code,

G. Waive the 14-day stay pursuant to Rule 6004(h), and

H. Granting the Trustee such other and further relief as is just and proper.

DATED:  March 23, 2017.                    Respectfully submitted,

/s/ Carolyn R. Chaney, Trustee
Post Office Box 530248
St. Petersburg, FL 33747-0248
Telephone: 727-864-9851
Email: carolyn.chaney@earthlink.net

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion has been served by U.S. Mail or electronic delivery on March 23, 2017, to:

Office of United States Trustee, USTP.Region21.ECF@USDOJ.GOV

Debtor: Juanita Laidig, 3905 39th Avenue, Bradenton, FL 34205

Keith Labell, Esquire, Robertson, Anschutz & Schneid, P.L., 6409 Congress Avenue, Suite 100, Boca Raton, FL 33487; Email: klabell@rasflaw.com [for secured creditor: Deutsche Bank Trust Company Americas f/k/a Bankers Trust Company]

Attorney for Debtor: Michael Barnett, Esquire, 506 N. Armenia Avenue, Tampa, FL 33609; Email: ecf@tampabankruptcy.com

Ken Burton, Jr., Manatee County Tax Collector, 4333 US 301 N., Ellenton, FL 34222

Chase Bank, 3415 Vision Drive, Columbus, OH 43219

Ocwen Loan, PO Box 24738, West Palm Beach, FL 33416

Attached Creditor Matrix.

/s/ Carolyn R. Chaney, Trustee

Label Matrix for local noticing
113A-8
Case 8:16-bk-03842-MGW
Middle District of Florida
Tampa
Thu Mar 23 14:55:04 EDT 2017

BK Global Real Estate Services
1095 Broken Sound Parkway, Suite 100
Boca Raton, FL 33487-3503

Hook & Ladder Realty, Inc.
c/o William Howell
49 N East Avenue
Sarasota, FL 34237-6039

Juanita Laidig
3905 39th Ave.,
Bradenton, FL 34205-2349

Santander Consumer USA Inc.
c/o Stewart, Zlimen & Jungers, Ltd
2277 Highway 36 West, Suite100
Roseville, MN 55113-3896

eCAST Settlement Corporation
POB 35480
Newark, NJ 07193-5480

Acceptance Now
Acceptance Now Customer Service
501 Headquarters Dr
Plano, TX 75024

American Express
PO Box 650448
Dallas, TX 75265-0448

(p)W S BADCOCK CORPORATION
POST OFFICE BOX 724
MULBERRY FL 33860-0724

CApital Management Svs.
698 1/2 South Ogden St.
Buffalo, NY 14206-2317

Calvary Portfolio Services
500 Summit Lake Dr
Ste 400
Valhalla, NY 10595-2322

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Chase
3415 Vision Dr.
Columbus, OH 43219-6009

Chase
P.O. Box 15650
Wilmington, DE 19886-0001

Citi Bank
PO Box 98875
Las Vegas, NV 89193-8875

Comenity Bank/Lane Bryant
Po Box 18215
Columbus, OH 43218

Credit One Bank Na
Po Box 98873
Las Vegas, NV 89193-8873

Credit Protection Assoc
Po Box 802068
Dallas, TX 75380-2068

Dillards
PO Box 981471
El Paso, TX 79998-1471

Direct Merchant Bank
PO Box 5246
Carol Stream, IL 60197-5246

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

FNCC
500 SE 60 St. N.
Sioux Falls, SD 57104-0478

Fingerhut
6250 Ridgewood Rd
St Cloud, MN 56303-0820

First Premier Bank
601 S Minniapolis Ave
Sioux Falls, SD 57104

Firts Premier Bank
601 S Minneapolis Ave
Sioux Falls, SD 57104

GE Money-Lowes
PO box 103104
Roswell, GA 30076-9104

Hsbc Bank
Po Box 5253
Carol Stream, IL 60197-5253

JC Penney
PO BOx 103106
Roswell, GA 30076-9106

JPMorgan Chase Bank, N.A.
c/o Five Lakes Agency, Inc.
P.O. Box 80730
Rochester, MI 48308-0730

Kay Jewelers/
Sterling Jewelers
Po Box 1799
Akron, OH 44309-1799

| | | |
|---|---|---|
| Ken Burton Jr., Manatee County Tax Collector<br>4333 US 301 N<br>Ellenton, FL 34222-2413 | Macy's<br>PO Box 4581<br>Carol Stream, IL 60197-4581 | Manatee County<br>PO Box 25350<br>Bradenton, FL 34206-5350 |
| Manatee County Utilities c/o<br>Katharine M. Zamboni, Esq.<br>1112 Manatee Ave. W., Ste. 969<br>Bradenton, FL 34205-7804 | Manatee Diagnostic Center<br>PO Box 1336<br>Bradenton, FL 34206-1336 | Montgomery Ward<br>1112 7th Ave<br>Monroe, WI 53566-1364 |
| Ocwen Loan<br>PO Box 24738<br>West Palm Beach, FL 33416-4738 | Pinecrest Towne Homes<br>3729 Plaza WAy<br>Pigeon Forge, TN 37863-3135 | Plain Green Loans<br>93 Mack Rd Ste 600<br>Po Box 270<br>Box Elder, MT 59521-0270 |
| Quantum3 Group LLC as agent for<br>Sadino Funding LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 | Regions Bank<br>Po Box 11007<br>Birmingham, AL 35288-0001 | Santander Consumer USA<br>Po Box 961245<br>Fort Worth, TX 76161-0244 |
| Sarasota Municipal Emp<br>1558 1st Street<br>Sarasota, FL 34236-8502 | Synchrony Bank/Sams<br>Attn: Bankruptcy<br>Po Box 103104<br>Roswell, GA 30076-9104 | Tampa Surgical Group<br>PO Box 22289<br>St. Petersburg, FL 33742-2289 |
| Target<br>C/O Financial & Retail Services<br>Mailstop BT PO Box 9475<br>Minneapolis, MN 55440-9475 | Toys R US<br>PO Box 15298<br>Wilmington, DE 19850-5298 | University Medical Service<br>PO Box 917689<br>Orlando, FL 32891-0001 |
| Walmart<br>PO Box 981400<br>El Paso, TX 79998-1400 | Wells Fargo<br>3476 Smithview<br>Fort Mill, SC 29715 | Carolyn R. Chaney +<br>PO Box 530248<br>St. Petersburg, FL 33747-0248 |
| Benjamin E. Lambers +<br>Timberlake Annex<br>501 E. Polk Street, Suite 1200<br>Tampa, FL 33602-3945 | Michael Barnett +<br>Michael Barnett, PA<br>506 N. Armenia Ave.<br>Tampa, FL 33609-1703 | United States Trustee - TPA7/13 +<br>Timberlake Annex, Suite 1200<br>501 E Polk Street<br>Tampa, FL 33602-3949 |
| Frank Jose Gomez +<br>Robertson, Anschutz and Schneid, P.L<br>6409 Congress Ave, Suite 100<br>Boca Raton, FL 33487-2853 | Becket & Lee, LLP (LB) +<br>P.O. Box 3001<br>Malvern, PA 19355-0701 | Keith Scott Labell +<br>Robertson, Anschutz, & Schneid, P.L.<br>6409 Congress Avenue, Suite 100<br>Boca Raton, FL 33487-2853 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Badcock
14009 7th St.
Dade City, FL 33525

Elan Financial Service
Po Box 108
Saint Louis, MO 63166


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Deutsche Bank Trust Company Americas

(d)eCAST Settlement Corporation
PO Box 35480
Newark NJ 07193-5480

(d)Ken Burton Jr., Manatee County Tax Collect
4333 US 301 N
Ellenton, FL 34222-2413


End of Label Matrix
Mailable recipients    56
Bypassed recipients     3
Total                  59